The Honorable B.G. Hendrix State Representative 2215 So. 40th Street Fort Smith, Arkansas 72903
Dear Representative Hendrix:
This is in response to your request for an opinion regarding Amendment 31 to the Constitution of Arkansas. You have asked, specifically, whether the governing body of a city may by ordinance increase the levy provided for under Amendment 31 to the full one mill for either or both retirement systems without another vote of the people. You note in your request that the millage levied in certain cities for each of the retirement systems is now less than one mill as a result of reappraisal and rollback under Amendment 59.
Amendment 31 states as follows:
 After consent of the majority of those voting on the question at any general or special election in cities of the first or second class, the cities may annually thereafter, levy a tax on the assessed value of real and personal property, not to exceed two mills on the dollar, from which there shall be created a Fund to pay Retirement Salaries and pensions to policemen and firemen theretofore or thereafter earned, and pensions to the widows and minor children of such, as may be provided by law. The annual levy for the Policeman's Retirement Salary and Pension Fund shall not exceed one mill on the dollar, and the annual levy for the Fireman's Retirement Salary and Pension Funds, shall not exceed one mill on the dollar. The manner of such levy of the tax, and the eligibility for the retirement salaries and pensions, the several amounts thereof and when payable, shall be such as may be provided by law.
Amendment 31 is clear in requiring the consent of the majority of those voting prior to the levy of a tax to support retirement salaries and pensions for policemen and firemen. The millage levied for this purpose is clearly subject to the rollback provision contained in Amendment 59. Amendment 59 does not, however, indicate how an increase or decrease in the millage may be effected following the rollback.
It is an established rule of constitutional construction that all provisions of a document be read together where possible. The silence of Amendment 59 on the procedure to be followed to raise the millage rate following a rollback and the clarity of Amendment 31 in mandating a general election together compel the conclusion that a city may not, on its own initiative, reinstate a previously established tax levy. A tax may only be levied under Amendment 31 following a majority vote. A vote would certainly be required to increase a tax previously decreased by a vote. Amendment 59 offers no basis of distinction between such an increase and an increase following a rollback pursuant thereto. Amendment 31 can only be read in pari materia with Amendment 59 to similarly require an election.
It is also significant to note that county courts have been granted specific authority under Amendment 61 to the Constitution of Arkansas with respect to the levy of a county road tax. This clear grant of authority is in stark contrast to Amendment 31, further indicating that a city may only raise the millage following an election. It is my opinion that neither Amendment 31 nor Amendment 59 may be construed to authorize a tax increase on the city's own initiative.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.